*Municipal Court of the
City of Boston*

No. T-15150

## MARIE SULLIVAN

v.

## JOHN IVANOWSKI

Argued: Dec. 13, 1968  Decided: Mar. 11, 1969

*Present:* Adlow, C.J., Shamon, Morrissey, JJ.
Case tried to *Glynn, J.*

*Shamon, J.* Action of tort in two counts. Count one alleges that the defendant negligently owned, controlled, and maintained the premises known as 24 Arcadia Street in the Dorchester district of Boston, on the fifteenth day of January, 1966, particularly the gutters and conductor pipes thereon, so as to allow an unnatural accumulation of ice to form on the concrete area at the foot of the front stairway. Count two alleges that the defendant maintained the premises, particularly the gutters and conductor pipes, so as to allow an unnatural accumulation of ice, thereby making the walk and sidewalk dangerous.

The plaintiff was a tenant at will of the premises. There was evidence by the plaintiff's husband, William, that the ice on the walk was formed from water coming from the defective gutter pipe on the side of the premises; that he spoke to the defendant some time before the accident about the condition and that the defendant said ''he would get around to it some time''. The evidence further discloses that the

defendant never made any repairs and that the pipe was still broken at the time of the accident.

The report before us is absent as to the condition of the premises *at the time of the letting* to the plaintiff and her husband. It is elementary that the defendant landlord's obligation to tenants is to keep the common passageway, both interior and exterior, in as good a condition as they were in, or appeared to be in, *upon the commencement of the tenancy. Rogers* v. *Dudley,* 301 Mass. 104.

At most, the report discloses that the defendant landlord failed to repair the drain pipe when asked to do so upon several occasions, but this neglect does not give rise to an action of tort. *Fiorentino* v. *Mason,* 233 Mass. 451; *Miles* v. *Janvrin,* 328 Mass. 276; *Tuttle* v. *Gilbert Mfg. Co.,* 145 Mass. 169.

It is not sufficient for the plaintiff to show that the defendant was in control of the premises with defective gutter and drainpipe from which water flowed upon the sidewalk. It is incumbent upon the plaintiff to prove that the defendant was negligent in maintaining defective gutters and drain pipe.

The plaintiff must show (a) what the condition of the drain pipe was at the beginning of the tenancy and (b) that the condition of the pipe changed thereafter to the date of the accident, and (c) that the changed conditions resulted in the formation of the ice on the walk where the plaintiff was caused to fall.

Since the report is silent upon these essential elements necessary to sustain the plaintiff's case, we feel that justice will be served best by recommitting the case to the trial judge to receive additional evidence relative to these questions. **So ordered.**